Filed 4/11/16  P. v. Aytman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TORRIAN TERRELL AYTMAN,<br><br>  Defendant and Appellant. | F069660<br><br>(Tulare Super. Ct. No. VCF268356)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*Before Gomes, Acting P.J., Kane, J., and Franson, J.

Appellant Torrian Terrell Aytman pled no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitted a gang enhancement (§ 186.22, subd. (b)(1)(C)) and a personal use of a firearm enhancement (§ 12022.5, subd. (a)(1)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Shortly after midnight on July 30, 2011, Tulare Police Officer Misael Aguayo responded to the location of a shooting and found Orlandis Perkins lying on the ground with several gunshot wounds including one to the left side of his head, one to his abdomen, and one to his back. Perkins was transported to the hospital where he was pronounced dead.

At approximately 1:00 a.m. Officer Jess Guzman interviewed N.J. who told her that she had been at a party at an apartment earlier that night that was attended by members of one gang. At approximately 12:00 a.m. she saw Perkins, who was a member of a rival gang, enter the apartment, look around, and leave. Later, N.J. went outside and saw Aytman, who was a member of the gang that was at the party, walking around and "mugging" two members of the rival gang. As Aytman walked away, N.J. saw Perkins run from behind her towards Aytman. She then saw Perkins lunge towards Aytman and heard people telling Aytman to shoot him. Aytman responded by turning around and firing a shot at Perkins. As N.J. ran for cover, she looked back and saw Perkins fall to the ground and Aytman shoot him two or three more times before running away. At approximately 5:00 a.m., N.J. picked Aytman out of a photo lineup as the man she saw shoot Perkins.

---

**1**      Undesignated statutory references are to the Penal Code.

Further investigation determined that when Perkins went into the apartment he punched a rival gang member and yelled out the name of his gang and afterwards there was an exchange of words and gang signs between members of the two gangs. The investigation also determined that Cleo Green, the leader of the gang in the apartment, was the one yelling for Aytman to shoot Perkins.

On June 14, 2013, the district attorney filed an information charging Aytman with murder (count 1/§ 187, subd. (a)) and participating in a criminal street gang (count 2/ § 186.22, subd. (a)). Count 1 also alleged as a special circumstance that Aytman was a gang member and that the murder was carried out to further the activities of the gang (§ 190.2, subd. (a)(22)), a personal discharge of a firearm resulting in great bodily injury enhancement (§ 12022.53, subd. (d)), a personal use of a firearm enhancement (§ 12022.5, subd. (a)), a gang enhancement (§ 186.22, subd. (b)(1)(C)), and that the charged offense was punishable in state prison with a sentence of life (§ 186.22, subd. (b)(5)).

On February 24, 2014, after the district attorney amended count one to charge Aytman with voluntary manslaughter, Aytman entered his no contest plea to that charge and admitted the arming and gang enhancements in exchange for the dismissal of the remaining count and allegations.

On May 5, 2014, the court sentenced Aytman to an aggregate 20-year prison term, consisting of the middle term of six years on his voluntary manslaughter conviction, a 10-year term on the gang enhancement, and the middle term of four years on the arming enhancement.

Aytman's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Aytman has not responded to this court's invitation to submit additional briefing.

3

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The judgment is affirmed.